IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――

CLINTON C. BARLOW, III,

                              Plaintiff,             Civil Action No.
                                                5:17-CV-0498 (LEK/DEP)

     v.

SYRACUSE UNIVERSITY LAW
SCHOOL, *et al.*,

                              Defendants.

―――――――――――――――――――――――――――

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF:

CLINTON C. BARLOW, III, *Pro se*
P.O. Box 2134
Trenton, NJ 08607

FOR DEFENDANTS:

NONE


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## REPORT, RECOMMENDATION, AND ORDER

      Plaintiff Clinton C. Barlow, III, has commenced this action pursuant

to 42 U.S.C. § 1983 against the Syracuse University College of Law

("SUCOL"), a sitting municipal court judge located in Trenton, New Jersey,

and an assistant city prosecutor for Trenton, New Jersey, alleging that defendants violated his civil rights. Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") have been forwarded to me for review. Based upon consideration of those materials, plaintiff's IFP application is granted, but I recommend that his complaint be dismissed, without leave to replead.

I.    BACKGROUND

Plaintiff commenced this action on May 8, 2017. Dkt. No. 1. In his complaint, plaintiff names three defendants, including (1) the SUCOL;[1] (2) Rodney Thompson, who is identified as the chief judge of the Trenton Municipal Court in Trenton, New Jersey; and (3) Lyle Hough, Esq., an assistant city prosecutor assigned to the Trenton Municipal Court. *Id.* at 2. Plaintiff's claims stem in large part from allegedly perjured testimony given in a proceeding before defendant Thompson in Trenton Municipal Court on September 14, 2016. *Id.* at 2. Also involved is an allegedly false police report dated October 13, 2015. *Id.* at 3. Plaintiff's complaint includes a handwritten notation indicating that he seeks an emergency writ of mandamus requiring defendant SUCOL to provide records concerning

---

[1]      Plaintiff's complaint also mentions the Syracuse University's Chancellor and the SUCOL dean, but only specifically names the law school as a defendant. *See, e.g.,* Dkt. No. 1 at 1, 3, 4. For purposes of this report, I have construed plaintiff's complaint as asserting claims against SUCOL and not any individual associated with the school.

defendant Thompson's legal education and demanding that "student Judge Rodney Thompson to vacate and change his . . . [September 16, 2016] order." *Id.* at 2-4. Plaintiff's complaint is accompanied by various materials, including letters to (1) United States Senator Chuck Schumer, *id.* at 8; (2) J.B. Simandle, the Chief Judge of the United States District Court for the District of New Jersey, *id.* at 9-13; and (3) and United States President Donald Trump, *id.* at 14-21. It appears that copies of those letters were sent to various other officials, including United States senators and Russian President Vladimir Putin. *Id.* at 21.

Plaintiff's complaint is accompanied by an application for leave to proceed without prepayment of fees or costs. Dkt. No. 2. That application reflects that plaintiff has not received income from any source over the past twelve months. *Id.*

II.   DISCUSSION

A.   Plaintiff's IFP Application

Although the statutory filing fee, currently set at $400, must ordinarily be paid when a civil action is commenced in a federal district court, 28 U.S.C. § 1914(a), a court is authorized to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. §

1915(a)(1).[2] The ability to litigate an action IFP, however, is a privilege that can be denied, revoked, or limited based upon a showing of prior abuses. *See In re Anderson*, 511 U.S. 364, 365-66 (1994) (denying the *pro se* petitioner's request for leave to proceed IFP where the Court found that, like the previous twenty-two petitions filed during the three immediately preceding years, the instant petition was "patently frivolous"); *see also Cuoco v. United States Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) ("The ability to proceed IFP is a privilege provided for the benefit of indigent persons." (quotation marks omitted)). The authority of a court to deny or limit a request to proceed IFP is implicit in the permissive, rather than compulsory, language of the controlling statute, which provides that "any court of the United States *may* authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor[.]" 28 U.S.C. § 1915(a)(1) (emphasis added); *In re McDonald*, 489 U.S. 180, 183 (1989). For this reason, courts are regarded as possessing discretionary

---

[2]    The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

authority to deny IFP status to litigants who have abused the privilege.
*See Hurt v. Social Sec. Admin.*, 544 F.3d 308, 309-310 (D.C. Cir. 2008)
("This Circuit grants IFP status to various plaintiffs, but asserts its
discretion to deny or revoke this privilege for abusive litigants, looking to
'the number, content, frequency, and disposition of their previous filings[.]"
(quoting *Butler v. Dep't of Justice*, 492 F.3d 440, 444-45 (D.C. Cir. 2007)
(citations, alteration omitted)).

Based upon my review of plaintiff Barlow's litigation history, as
reflected in the Federal Judiciary Public Access to Court Electronic
Records ("PACER") system, he has commenced approximately sixty civil
actions or appeals in federal courts throughout the country since 1991.
PACER, PACER Case Locator, https://pcl.uscourts.gov/search, (last
visited June 14, 2017). Although most of those proceedings were initiated
in the United States District Courts for the District of New Jersey, and the
Eastern District of Pennsylvania, plaintiff has also filed six complaints in
districts within this circuit, including three in this district.[3] On March 27,

---

[3]    The six actions filed in district courts within this circuit include the following: (1)
*Barlow v. State Atty Gen.* ("*State Atty. Gen.*"), No. 17-CV-0761 (D. Conn. filed May 9,
2017); (2) *Barlow v. Syracuse Univ. Law School*, No. 17-CV-0498 (N.D.N.Y. filed May
8, 2017); (3) *Barlow v. Dillard* ("*Dillard*"), No. 17-CV-0500 (N.D.N.Y. filed May 8, 2017);
(4) *Barlow v. Randy_Mastro, Esq.* ("*Mastro*"), No. 14-CV-7108 (E.D.N.Y. filed Dec. 2,
2014); (5) *Barlow v. United States, U.S.A.* ("*United States*"), No. 14-CV-5346 (E.D.N.Y.
filed Sept. 9, 2014); (6) *Barlow v. U.S.H.H.S.*, No. 07-CV-1310 (N.D.N.Y. filed Dec. 17,
2007).

5

2001, New Jersey District Judge Garrett E. Brown, Jr., issued an order

"permanently enjoin[ing plaintiff] from filing any civil actions in [the District

Court of New Jersey] without prior written approval of the Court." *Barlow v.*

*Scott-Buzzi* ("*Scott-Buzzi*"), No. 00-CV-5645, Dkt. No. 34 at 1 (D. N.J. Mar.

27, 2001). Since the issuance of that filing injunction, on at least six

occasions while plaintiff was proceeding IFP, courts have dismissed

plaintiff's cases because he failed to prosecute the action or his complaint

was deemed frivolous.[4] On two occasions (one in which plaintiff had been

granted IFP status), plaintiff was warned by a court in the Eastern District

of New York that continuing to file frivolous lawsuits would result in the

issuance of an order to show cause why plaintiff should not be enjoined

---

[4]      *Barlow v. Cruz*, No. 17-CV-0743, Dkt. Nos. 4, 7 (N.D. Tex. complaint filed Mar. 14, 2017) (granting plaintiff IFP; dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and concluding that the complaint "fails to present a logical set of facts to support any claim for relief"); *Barlow v. Lydon*, No. 15-CV-0576, Dkt. No. 2 (E.D. Va. complaint filed Sept. 14, 2015) (granting plaintiff IFP; dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and concluding the allegations in the complaint are "vague and conclusory"); *Barlow v. Sewell*, No. 08-CV-0620, Dkt. Nos. 3, 5 (D. Md. complaint filed Mar. 10, 2008) (granting plaintiff IFP; dismissing case for failure to prosecute); *Barlow v. United States of Am.*, No. 05-CV-3849, Dkt. No. 2 (E.D. Pa. complaint filed July 26, 2005) (granting plaintiff IFP; dismissing complaint as frivolous); *Barlow v. Shanklin*, No. 93-CV-0608, Dkt. No. 2 (E.D. Pa. complaint filed Feb. 4, 1993) (granting plaintiff IFP; dismissing complaint as frivolous); *Barlow v. Sec'y of Health & Human Servs. of the United States*, No. 92-CV-04381, Dkt. Nos. 3, 5, 6 (D. N.J. complaint filed Oct. 15, 1992) (granting plaintiff IFP; dismissing case for failure to serve process).

from filing actions in that court.[5] In addition, on the same date that plaintiff filed the currently pending action, he also commenced another action against individuals who, like those sued in the instant case, are situated in the State of New Jersey. *Dillard*, No. 17-CV-0500, Dkt. No. 1 at 1 (N.D.N.Y. filed May 8, 2017). Although *Dillard* remains pending before a different assigned magistrate judge, it appears obvious that plaintiff is attempting to circumvent the filing injunction issued by the District of New Jersey by filing complaints involving events that occurred in New Jersey in this district.

Given plaintiff's litigation history, and especially his dilatory and vexatious behavior in actions where he has been granted IFP status, it would seem appropriate to deny plaintiff's request to proceed IFP in this matter. Out of an abundance of caution and mindful of the court's obligation to extend special solicitude to indigent litigants, however, I will hesitatingly grant plaintiff's IFP application at this time.[6]

---

[5]     *Mastro*, No. 14-CV-7108, Dkt. No. 4 at 4 (E.D.N.Y. filed Dec. 11, 2014) ("The Court repeats its warning that if Plaintiff persists in filing frivolous actions in this Court, the Court may direct Plaintiff to show cause why an Order barring the acceptance of any future *in forma pauperis* complaints for filing in this Court without first obtaining leave of the Court should not be entered."); *United States*, No. 14-CV-5346, Dkt. No. 9 at 5 (E.D.N.Y. filed Oct. 2, 2014) (same).

[6]     Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

B.    Review of Plaintiff's Claims

1.    Governing Legal Standard

Because I have found plaintiff meets the financial criteria for commencing this case IFP, I must consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See*, *e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363

(2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the

adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

2.   Analysis

a.   Plaintiff's Claims Against Defendant SUCOL

The essence of plaintiff's civil rights claim against defendant SUCOL is his contention that the legal training provided by the school to defendant Thompson, who, it is alleged, violated plaintiff's constitutional rights, was inadequate and caused the violation. *See generally* Dkt. No. 1. Plaintiff has asserted this claim against defendant SUCOL pursuant to 42 U.S.C. § 1983. *Id.*

Section 1983 "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)). It "'is not itself a source of substantive rights[,] . . . but merely provides 'a method for vindicating federal rights elsewhere conferred[.]'" *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). In order to state a claim pursuant to section 1983, a plaintiff must allege "(1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005)

11

(quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)); *accord, Byng v. Delta Recovery Servs. LLC*, 568 F. App'x 65, 65-66 (2d Cir. 2014).

State action is an essential element of any section 1983 claim. *Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, J.)). To survive scrutiny under section 1915(e) where a plaintiff has asserted a section 1983 claim, the complaint must allege facts that plausibly suggest state action on the part of the named defendants. *See DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir.1975), *modified on other grounds by DeMatteis v. Eastman Kodak Co.*, 520 F.2d 409 (2d Cir. 1975), ("A private party violates [section] 1983 only to the extent its conduct involves state action."); *see also Wilson v. King*, No. 08-CV-0509, 2008 WL 2096593, at *1 (N.D.N.Y. May 16, 2008) (Sharpe, J.).

In this case, there are no allegations in plaintiff's complaint suggesting that defendant SUCOL, a private university, was acting under state law for purposes of section 1983 at the time it furnished defendant Thompson with his legal education. *See generally* Dkt. No. 1. For that

reason, I recommend plaintiff's claim against defendant SUCOL be dismissed.[7]

> b.    Plaintiff's Claims Asserted Against Defendant
> Thompson

Liberally construing plaintiff's complaint, it appears that the claims asserted against defendant Thompson are based upon judicial proceedings conducted in the Trenton Municipal Court on September 14, 2016. *See, e.g.* Dkt. No. 1 at 2-3. The claim therefore arises out of defendant Thompson's responsibilities as a judge. "It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities." *DuQuin v. Kolbert*, 320 F. Supp. 2d 39, 40-41 (W.D.N.Y. 2004) (citing *Mireles v. Waco*, 502 U.S. 9, 10 (1991));

---

[7]    To the extent that plaintiff's complaint could be construed as asserting a breach of contract or educational misconduct claim against defendant SUCOL, it is ripe for dismissal for two reasons. First, plaintiff does not have standing to sue defendant SUCOL for its alleged breach of duty owed to defendant Thompson. *See, e.g., Gladstone, Realtors v. Vill. of Bellwod*, 441 U.S. 91, 100 (1979) (finding that, to satisfy the constitutional requirement of standing, "the plaintiff must show that he personally has suffered some actual or threatened injury . . . that is peculiar to himself or to a distinct group of which he is a part, rather than on shared in substantially equal measure by all or a large class of citizens" (quotation marks omitted)); *cf. Hollander v. Inst. For Research on Women & Gender at Columbia Univ*, No. 08-CV-7286, 2009 WL 1025960, at *5 (S.D.N.Y. Apr. 15, 2009) (concluding that a group of plaintiffs did not have standing to sue the defendant for discrimination because the plaintiffs had not enrolled in the allegedly discriminatory program offered at the defendant's university). Second, breach of contract and educational misconduct causes of action are governed by state law, and educational malpractice and/or breach of contract claims arising from allegations of ineffective education are not permitted in New York State. *See, e.g., Gally v. Columbia Univ.*, 22 F. Supp. 2d 199, 206-07 (S.D.N.Y. 1998) (citing cases); *accord, Turner v. Nazareth Coll.*, No. 10-CV-6357, 2011 WL 310787, at *4 (W.D.N.Y. Jan. 28, 2011).

*see also Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). This is true however erroneous an act may have been, and however injurious its consequences were to the plaintiff. *Young*, 41 F.3d at 51. It should be noted, however, that "a judge is immune only for actions performed in his judicial capacity." *DuQuin*, 320 F. Supp. 2d at 41.

Because plaintiff's claims against defendant Thompson are limited to those arising from the performance of his official duties in his judicial capacity, I recommend those claims be dismissed.

      c.    <u>Plaintiff's Claims Asserted Against Defendant Hough</u>

In plaintiff's complaint, defendant Hough is listed as an assistant city prosecutor for Trenton, New Jersey. Dkt. No. 1 at 2. Plaintiff alleges that in his role as an assistant prosecutor, defendant Hough permitted a police officer to provide false testimony during a proceeding conducted before defendant Thompson on September 14, 2016. *Id.* at 3.

Like judges, "prosecutors are entitled to absolute immunity for that conduct 'intimately associated with the judicial phase of the criminal process.'" *Hill v. City of N.Y.*, 45 F.3d 653, 660-61 (2d Cir. 1995) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "In determining whether absolute immunity obtains, we apply a 'functional approach,' looking at the function being performed rather than to the office or identity of the

14

defendant." *Hill*, 45 F.3d at 660 (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)); *see also Bernard v. County of Suffolk*, 356 F.3d 495, 504 (2d Cir. 2004) ("The appropriate inquiry . . . is not whether authorized acts are performed with a good or bad *motive*, but whether the *acts* at issue are beyond the prosecutor's authority."); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (finding that prosecutorial immunity protects prosecutors from liability under section 1983 "for virtually all acts, regardless of motivation, associated with his function as an advocate").

Because the allegations against defendant Hough are predicated solely upon conduct occurring in close connection with the judicial phase of criminal proceedings against plaintiff, I recommend that plaintiff's claims against defendant Hough be dismissed based upon prosecutorial immunity.

      C.    <u>Whether to Permit Amendment</u>

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp.

986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case I recommend against granting leave to amend. As was discussed above in part II.A. of this report, plaintiff is no stranger to the litigation process. The court's review of his most recent filings reflect plaintiff's transparent attempt to file actions related to events that occurred in New Jersey in different federal district courts in an effort to circumvent

the filing injunction entered against him in the District of New Jersey.[8]

Indeed, in this case, plaintiff has asserted a wholly frivolous claim against

defendant SUCOL, an institution situated in the Northern District of New

York, in an effort to secure venue in this district. The court cannot

conceive of a plausible claim that could be asserted against defendant

SUCOL arising exclusively out of the allegedly tortious acts of one of its

former students. Absent the presence of SUCOL as a defendant, there is

no basis to conclude that venue would exist in this district under 28 U.S.C.

§ 1391. Plaintiff should not be permitted to amend his complaint given the

frivolous nature of his complaint and his unfair and obvious attempts to

evade the District of New Jersey's filing injunction. Accordingly, I

recommend that plaintiff be denied any further opportunity to amend his

complaint in this action.

III.   SUMMARY, ORDER, AND RECOMMENDATION

      Having reviewed plaintiff's application for leave to proceed in this

action IFP, I conclude that he has demonstrated entitlement to that status

and therefore his motion for leave to proceed without prepayment of filing

---

[8]      *See, e.g., Barlow v. Walker*, No. 17-CV-0377 (D. Wisc. Filed May 16, 2017);
*State Atty. Gen.*, No. 17-CV-0761 (E.D.N.Y. filed May 9, 2017); *Dillard*, No. 17-CV-
0500 (N.D.N.Y. filed May 8, 2017); *Barlow v. Laffer*, No. 17-CV-0655 (M.D. Tenn. filed
Mar. 28, 2017); *Barlow v. Laffer*, No. 17-CV-2208 (W.D. Tenn. filed Mar. 20, 2017);
*Mastro*, No. 14-CV-7108, (E.D.N.Y. filed Dec. 2, 2014).

fees and costs is granted. Plaintiff is warned, however, that should he persist in filing frivolous actions in federal district courts while proceeding IFP, he runs the risk of having been found to have abused that privilege, and future applications for IFP status could be denied on that basis. Turning to the merits of plaintiff's claims, I conclude that they are patently frivolous and subject to dismissal. Accordingly, it is hereby

ORDERED that plaintiff's motion for leave to proceed in this action without prepayment of fees (Dkt. No. 2) is GRANTED; and it is further hereby respectfully

RECOMMENDED that plaintiff's complaint in this action (Dkt. No. 1) be DISMSSED as frivolous pursuant to 28 U.S.C. § 1915(e), without leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[9] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

---

[9] If you are proceeding *pro se* and are served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d),

72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

      The clerk of the court shall serve a copy of this order on plaintiff in

accordance with the court's local rules.

Dated:      June 14, 2017
               Syracuse, New York

David E. Peebles
U.S. Magistrate Judge